# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ROBIN CLARK** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 14-5460** |
| | : | |
| | : | |
| **PHILADELPHIA HOUSING** | : | |
| **AUTHORITY** | : | |
| **Defendant.** | : | |

## MEMORANDUM OPINION

**Rufe, J.**                                                                                                          **April 21, 2015**

      Robin Clark has sued her employer, the Philadelphia Housing Authority ("PHA"), for the second time, alleging that PHA has breached an agreement the parties entered into in resolving an earlier lawsuit.[1]  Plaintiff also alleges that PHA has interfered with and retaliated against her assertion of rights under the federal Family Medical Leave Act ("FMLA").[2]  Defendant has moved to dismiss the Amended Complaint.

## I.      FACTUAL BACKGROUND

      The facts, as drawn from the Amended Complaint, are presumed to be true for purposes of the motion to dismiss.  Plaintiff was hired by PHA in 1997 and fired in 2002, before being reinstated by an employment arbitration decision in 2004.  The 2002 termination, which Plaintiff asserted to be in violation of her rights under the FMLA, precipitated the filing of the earlier case.  That case settled in 2005 with a written Settlement Agreement.  Plaintiff alleges that she discovered in 2014 that "PHA had not complied with the Settlement Agreement's provision

---

[1] *Clark v. Phila. Housing Auth.*, No. 04-3854 (E.D. Pa.).

[2] 29 U.S.C. § 2617.

related to corrections to her personnel file.  Those provisions were intended to prevent future negative employment action against Ms. Clark because of disciplinary action in her personnel file for alleged attendance reasons that had violated the FMLA."[3]

Plaintiff also argues that the PHA has been engaged in retaliation against her since she returned to work.  The specific allegations are as follows.  Plaintiff has worked "out of class," doing work that should merit a higher title or more pay, since late 2004 or early 2005.  In 2007, Plaintiff was demoted from Clerk II to Clerk I in the wake of layoffs at PHA, but continued to perform the same essential job functions for lower pay.  Since 2007, other employees have been promoted to Clerk II, but Plaintiff has remained at Clerk I.  In 2009, Plaintiff filed a grievance with her union regarding her pay and title, but PHA has failed to address the grievance on the merits, and in 2014 claimed not to have a record of it.  In 2013, a new manager met with and promoted other employees, but not Plaintiff.  In early 2014, PHA changed the requirements for the position of Hearing Coordinator to require a college degree; Plaintiff alleges this was done so that she would not qualify for the job, even though she had been performing its essential functions for years.  All of this, Plaintiff alleges, was because she had exercised her rights under the FMLA in 2002.[4]

Plaintiff further alleges that in April 2014, she was required to use a week of accumulated sick leave, because although she "informed her supervisor of her need to take the leave because of [a] serious medical condition . . . PHA did not offer Ms. Clark FMLA leave."[5]  As a result, Plaintiff returned to work sooner than her doctor recommended, and two days after returning to

---

[3] Am. Compl. ¶ 16.

[4] There is an oblique reference in the Amended Complaint to Plaintiff "making FMLA complaints and continuing to take approved intermittent FMLA leave to care for her elderly father" but Plaintiff does not allege when these events occurred or attempt to link them to any actions by PHA.  Am. Compl. ¶ 18.

[5] Am. Compl. ¶ 36.

work Plaintiff received her first performance evaluation in six years, which stated "Ms. Clark can improve on her attendance record to enhance her career potential even further."[6]

## II.    LEGAL STANDARD

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."[7] Additionally, it "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."[8]  The plaintiff must state facts sufficient to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"[9]

A plaintiff is not required to plead facts sufficient to overcome affirmative defenses, such as failure to comply with the statute of limitations, in order to survive a motion to dismiss.[10] Unless "the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations,"[11] a "motion to dismiss should be denied and the issue should be decided at a later stage of the litigation."[12] Thus, dismissal pursuant to Rule 12(b)(6) on statute of limitations grounds requires the plaintiff to "'effectively plead[] herself out of court by alleging facts that are sufficient to establish the defense.'"[13]

---

[6] Am. Compl. ¶ 38 (internal quotation marks omitted).

[7] Fed. R. Civ. P. 8(a)(2).

[8] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

[9] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

[10] *See Schmidt v. Skolas*, 770 F.3d 241, 251 (3d Cir. 2014).

[11] *Id.* at 249 (internal quotations omitted).

[12] *Wise v. Mortgage Lenders Network USA, Inc.*, 420 F. Supp. 2d 389, 393 (E.D. Pa. 2006).

[13] *Schmidt*, 770 F.3d at 251 (quoting *Hollander v. Brown*, 457 F.3d 688, 691 n. 1 (7th Cir. 2006)).

III.   **DISCUSSION**

   A.   *FMLA Claims*

      1.   <u>Statute of Limitations</u>

To assert a timely FMLA claim, a plaintiff generally must file suit "not later than [two] years after the date of the last event constituting the alleged violation for which the action is brought."[14]  The statute of limitations period is extended to three years if the violation was willful.[15]  The Court will assume, solely for purposes of the motion to dismiss, that the three-year period applies.  Defendant argues that all allegations in the Amended Complaint asserting a violation of the FMLA based on events occurring before 2011, are time-barred.  Plaintiff contends that everything is timely under the "continuing violation" doctrine.  Under this doctrine, "discriminatory acts that are not individually actionable may be aggregated . . . ; such acts can occur at any time so long as they are linked in a pattern of actions which continues into the applicable limitations period."[16]  The doctrine arose in the context of discrimination claims, and "the weight of authority leans decidedly against" applying the continuing violation doctrine to FMLA claims.[17]  The Court agrees with the weight of authority, as claims under the FMLA are more likely to be discrete events, akin to a request for reasonable accommodation under the Americans with Disabilities Act, which the Court of Appeals has held "does not fit under the continuing violations theory."[18]

---

[14] 29 U.S.C. § 2617(c)(1).

[15] 29 U.S.C. § 2617(c)(2).

[16] *Mandel v. M&Q Packaging Corp.*, 706 F.3d 157, 165 (3d Cir. 2013) (internal quotation omitted).

[17] *Smith v. Westchester Cnty.*, 769 F. Supp. 2d 448, 463 n. 14 (S.D.N.Y. 2011) (collecting cases).

[18] *Mercer v. SEPTA*, No. 14-3338, 2015 WL 1455589, *2 (3d Cir. Apr. 1, 2015) (citing *Aubrey v. City of Bethlehem*, 466 F. App'x 88 (3d Cir. 2012)).

Even if the continuing violation doctrine did apply, it cannot help Plaintiff because the actions that fall outside the statute of limitations; *i.e.*, the assignment to work "out of class," in 2004 or 2005, the demotion in 2007, and the failure to respond to the grievance filed in 2009, were discrete acts that do not fit within the continuing violation doctrine.[19]  Plaintiff cannot save untimely claims by attempting to recast them as a continuing failure by PHA to right the wrongs done her in years past.  All actions that occurred before September 22, 2011 (three years before Plaintiff filed suit) are time-barred.  The Court therefore must determine whether Plaintiff has stated a claim for interference or retaliation under the FMLA based on events that occurred after September 22, 2011.

2.  <u>Interference Claim</u>

To state a claim for interference under the FMLA, Plaintiff must allege her eligibility for and entitlement to FMLA leave; that she notified PHA, as an employer subject to the FMLA, of her intent to take FMLA leave; and that PHA denied Plaintiff benefits to which she was entitled under the FMLA.[20]  An employer interferes with the exercise of FMLA by refusing to authorize FMLA leave or "discouraging an employee from using such leave."[21]  Plaintiff bases her interference claim on the allegation that she was required to use one week of accumulated sick leave in April 2014, because her employer failed to offer her FMLA leave.[22]  However, the FMLA provides that "[a]n eligible employee may elect, or an employer may require the employee, to substitute any of the accrued paid vacation leave, personal leave, or medical or sick

---

[19] *National RR Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002).

[20] *Ross v. Gilhuly*, 755 F.3d 185, 191-92 (3d Cir. 2014).

[21] 29 C.F.R. § 825.220(b).

[22] Am. Compl. ¶ 36.

leave of the employee for leave provided."[23]  Although Plaintiff alleges that because she was not offered FMLA leave, she returned to work sooner than her doctor advised, she does not allege that she had insufficient accrued leave or that she was not able to take FMLA leave after using accrued leave.  Thus Plaintiff has not alleged interference with her rights under the FMLA.

       3.    <u>Retaliation Claim</u>

To state a claim of retaliation based on FMLA leave, a plaintiff must allege that: "(1) she invoked her right to FMLA-qualifying leave, (2) she suffered an adverse employment decision, and (3) the adverse action was causally related to her invocation of rights."[24]  To demonstrate a causal connection, a plaintiff generally must allege "either (1) an unusually suggestive temporal proximity between the protected activity and the allegedly retaliatory action, or (2) a pattern of antagonism coupled with timing to establish a causal link."[25]

Plaintiff does not allege any actionable retaliation occurring within the statute of limitations, as she does not allege that she took FMLA leave some reasonable period of time before either  alleged failure to promote in 2013, or the changing of the requirements for the position of Hearing Coordinator in early 2014 (assuming that such acts constitute an adverse employment action).  Even if the earlier acts were considered as part of a pattern of antagonism, Plaintiff alleges no actions between 2009 and 2013.  This four-year gap is fatal to showing a pattern in this case.  Plaintiff does allege that after returning from sick leave, she received a performance evaluation stating that she "can improve on her attendance record to enhance her

---

[23] 29 U.S.C. § 2612(d)(2)(B).

[24] *Lichtenstein v. Univ. of Pittsburgh Med. Ctr.*, 691 F.3d 294, 302 (3d Cir. 2012).

[25] *Budhun v. Reading Hosp. and Medical Ctr.*, 765 F.3d 245, 258 (3d Cir. 2014) (internal quotation marks omitted).

career potential even further."[26]  However, this evaluation does not constitute a "materially adverse" employment action, which must rise to the level of significance "such as hiring, firing, failing to promote, reassignment, or a decision causing a significant change in benefits."[27]  Even if the evaluation were considered to be negative, "negative performance evaluations in and of themselves are generally not considered to be adverse employment actions, [although] they can constitute an adverse employment action when accompanied by threatening statements or other tangible job consequences."[28]  Because Plaintiff has not alleged an adverse change in her employment status since returning from leave (the revision to the Housing Coordinator position, even if it were actionable, occurred before Plaintiff's leave), she has not alleged a discrimination claim.

###### B.     Breach of Contract

The Court has dismissed the federal claim under the FMLA, and therefore all that remains is the state-law claim for breach of the Settlement Agreement.  Although federal courts with original jurisdiction over a federal claim have supplemental jurisdiction over state claims that form "part of the same case or controversy," a court may decline to exercise supplemental jurisdiction over state law claims if "the district court has dismissed all claims over which it has original jurisdiction."[29]  It is appropriate to decline the exercise of supplemental jurisdiction if the litigation is in its early stages.[30]  The Court will do so in this case; the federal claims have been dismissed on a motion to dismiss before any discovery, and although the Settlement

---

[26] Am. Compl. ¶ 38.

[27] *Weston v. Pennsylvania*, 251 F.3d 420, 431 (3d Cir. 2001).

[28] *Shenk v. Pennsylvania*,  No. 11-1238, 2013 WL 1969311, *9 (M.D. Pa. May 13, 2013) (citing *Boandle v. Geithner*, 752 F. Supp. 2d 540, 565 (E.D. Pa. Nov. 2, 2010)).

[29] 28 U.S.C. §1367(a), (c)(3).

[30] *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988).

Agreement was entered into in connection with a case filed in this Court (and settled under the auspices of Magistrate Judge Wells), the Court did not maintain jurisdiction over the settlement, and will dismiss this claim without prejudice to Plaintiff filing an action in the appropriate state court.

**IV.    CONCLUSION**

Plaintiff has failed to state a claim under the FMLA based on events that are not time-barred and Count I will be dismissed.  Plaintiff  has not requested leave to amend the Amended Complaint, which was filed in response to Defendant's motion to dismiss the original complaint Therefore, Count I will be dismissed  with prejudice and Count II will be dismissed without prejudice to assertion in the appropriate state court.  An order will be entered.